William R. Brennan, Jr., J.
In this action brought to foreclose a second mortgage on property known as the Long Island Arena, plaintiff moves for summary judgment as against defendant Prick Company.
It appears that the second mortgage was recorded on October 14,1959 and subsequently was assigned to the plaintiff. Defendant Prick Company asserts a lien prior to that of the second mortgage under a conditional bill of sale which was filed on January 18,1957 in the office of the Town Clerk of Huntington, and on August 8, 1960 in the Suffolk County Clerk’s office.
Plaintiff claims that she is entitled to summary judgment by reason of the fact that the original bill of sale was filed in the incorrect place on January 18, 1957, and for the further reason that the filing of August 8,1960 was later than the filing of plaintiff’s mortgage. Defendant claims that the 1957 filing was correct and, furthermore, that plaintiff’s assignor had full knowledge of defendant’s interest under the conditional bill of sale prior to the filing of the second mortgage.
With respect to the place of filing, plaintiff asserts that the conditional bill of sale should either have been filed in Smith-town where the defendant had its principal place of business or at the Suffolk County Clerk’s office if the fixtures covered by the bill of sale became attached to the realty. Section 66 of the Personal Property Law speaks in terms of filing in the town where the buyer resides. It has been held that, in a case of corporate purchasers, the place of filing should be determined by the location of the principal office of the corporation designated in the certificate of incorporation, and not by the location of the corporation’s place of business. (Matter of Norma Footwear Corp., 2 A D 2d 24, affd. 2 N Y 2d 887; Matter of *1052 J & J Baking Co., 18 A D 2d 691.) In the instant case, the first filing of the conditional bill of sale was at Huntington, the town indicated in the certificate of incorporation of the purchaser. Therefore, the filing of January 18, 1957 was correct unless the fixtures covered by the bill of sale became so affixed to the realty “as to become a part thereof and not to be severable wholly or in any portion without material injury to the freehold ”. (Personal Property Law, § 67.)
The sole evidence before this court on the issue of whether the machinery in question became affixed to the realty, in the language of section 67 of the Personal Property Law is the uncontroverted affidavit of Arnold E. Boschli, vice-president and treasurer of defendant Frick Company. The said affiant states:
‘1 5. All of the machinery and equipment at the Long Island Arena can be easily removed. The largest pieces of equipment installed by Frick in the Arena consist of two ammonia compressors. These compressors were delivered to the job by truck, placed on their raised platforms, and affixed by means of anchor bolts to insure their stability. All of this machinery, including the compressors, can be readily removed simply by unscrewing the anchor bolts. No portion of the structure of the Arena would in any way be damaged by the removal of this machinery and equipment, nor would any of the machinery be harmed by such removal.
“ 6. All of this machinery and equipment is located in a room which is at one side of the rink. This room is reached from the outside of the building, where there is a large door with an opening sufficiently large both to install and remove the machinery and equipment. I would estimate that a small crew of workers could uncouple and remove this equipment in one day’s time.”
It must be concluded, therefore, that the machinery in question did not become affixed to the realty within the language of section 67.
It is clear that the filing of the conditional bill of sale on January 18, 1957 was in accordance with the provisions of the Personal Property Law and the lien obtained by the defendant Frick Company is prior to that of the plaintiff. For this reason, it is unnecessary to examine the issue of actual notice on the part of plaintiff or her assignee of defendant’s lien.
The plaintiff’s motion for summary judgment will be denied and summary judgment will be granted in favor of defendant Frick Company.